UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE HUNTINGTON NATIONAL BANK,

                Plaintiff,

      v.

MIDWEST HEART AND VASCULAR
ASSOCIATES, INC., A/K/A HEART AND
VASCULAR ASSOCIATES, S.C.,
DOMINIC TOLITANO; ANTHONY DEL
PRIORE; THE INSTITUTE FOR CARDIO
THORACIC & VEIN SURGERY, LLC,

                Defendants.

No. 23 C 00220

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Midwest Heart & Vascular Associates, Inc. ("Midwest") and Dominic Tolitano ("Tolitano") (together, "Cross-Defendants") bring a Rule 12(b)(6) motion to dismiss crossclaims brought against them by Anthony Del Priore ("Del Priore"). Del Priore's crossclaim seeks pro-rata contribution from Cross-Defendants and the Institute for Cardio Thoracic & Vein Surgery ("ICTVS"), who are co-obligors to a common debt owed to Plaintiff Huntington Bank. Cross-Defendants counter that Del Priore lacks a viable claim because he has not contributed more than his pro rata share to the common debt. For the foregoing reasons, this Court grants Cross-Defendants' motion to dismiss.

**Legal Standard**

A Fed. R. Civ. P. 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A

complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On January 13, 2023, Huntington Bank sued Midwest, Tolitano, Del Priore, and ICTVS, alleging breach of contract on unpaid loans issued by Huntington Bank to Midwest. *See* R. 1 ¶¶ 15–22. Tolitano, Del Priore, and ICTVS are guarantors to the loans. *Id.* ¶ 12. To date, the obligors jointly owe Huntington over $390,000 in principal

on the loans.[1] *Id.*, ¶¶ 16, 18, 20. On February 27, 2023, Del Priore filed an answer and affirmative defenses against Huntington, and with it, included crossclaims against Midwest, Tolitano, and ICTVS.[2] R. 18 at 8–10. Del Priore asserts that he is entitled to pro rata contributions from Cross-Defendants for the amounts owed under the delinquent Huntington Bank loans. *Id.* at 9. On June 20, 2023, this Court granted a motion for summary judgment filed by Midwest because there were no disputes of material fact as to the obligor's liability on the delinquent loans, and Midwest was entitled to judgment as a matter of law. R. 44. Now before this Court is Cross-Defendants' motion to dismiss Del Priore's crossclaim. *See* R. 21 ¶.

## Discussion

Del Priore brings a claim for contribution against Cross-Defendants. Under Illinois law, "[c]ontribution is defined as 'the right that gives one of several persons who are liable on a common debt the ability to recover ratably from each of the others when that one person discharges the debt for the benefit of all.'" *Va. Surety Co. v. N. Ins. Co. of N.Y.*, 866 N.E.2d 149, 159 (Ill. 2007) (quoting Black's Law Dictionary, 352–53 (8th ed. 2004)). The right of contribution was originally based in equity and "rests upon the principle that, where all are equally liable for the payment of a debt, all are bound equally to contribute to that purpose." *Sledge v. Dobbs*, 98 N.E. 243, 245 (Ill. 1912).

---

[1] As used herein, "obligor" refers to all Defendants listed in Huntington's Complaint, while "guarantor" refers specifically to Tolitano, Del Priore, and ICTVS.

[2] ICTVS filed for chapter 11 bankruptcy on November 11, 2022, which was dismissed on January 12, 2023. Complaint ¶ 13. In a separate order, this Court granted default judgment against ICTVS. R. 30. Only Midwest and Tolitano filed the instant motion.

Cross-Defendants contend that Del Priore does not state an actionable contribution claim because he has not alleged that he has already paid more than his pro rata share of the joint debt. R. 21 ¶ 12 (quoting *Ruggio v. Ditkowsky*, 498 N.E.2d 747, 750 (Ill. App. Ct. 1986) and *In re Rivinius, Inc.*, 977 F.2d 1171, 1175–76 (7th Cir. 1992)). In short, Cross-Defendants argue that Del Priore's contribution claim is premature. In response, Del Priore argues that his claim is timely, and he need not demonstrate that he has yet paid any part of the debt, relying on language in *United Cent. Bank v. Desai*, No. 13 C 5637, 2014 WL 238756 (N.D. Ill. Jan. 21, 2014). R. 32 ¶¶ 7–10. In *Desai*, the court addressed whether a plaintiff seeking contribution from joint tortfeasors must demonstrate that he paid more than his pro rata share of the joint liability. *Desai*, 2014 WL 238756 at *4. Applying 740 ILCS § 100/5, the court in *Desai* held that the plaintiff could bring a contribution claim "*before or after* payment of a settlement or judgment in favor of the claimant." *Id.* (quoting § 100/5) (emphasis in original).

But § 100/5 does not apply to the facts here. It applies only to "joint tortfeasors." *See id.* While *Desai* discussed breach of contract, the allegations against the cross-defendant involved the tort of breach of fiduciary duty. *Id.* at *1. This case is a pure breach of contract action. Breach of contract is not a tort. *See Valfer v. Evanston Nw. Healthcare*, 2016 IL 119220, ¶ 27. Further, this Court does not adopt the reasoning of the court in *Desai* because doing so would contravene the purpose of a contribution action, which is to ensure that an obligor who has paid more than his fair share of a joint debt is made whole. It would raise questions of standing and ripeness to allow a

4

claimant to claim a right to compensation before he is ever injured. Thus, § 100/5 and *Desai* cannot support Del Priore's argument that he can raise a contribution claim before payment.

Next, Del Priore asserts that § 3-116 of the Illinois Uniform Commercial Code ("UCC") (810 ILCS 5/3-116) provides a statutory basis for contribution. R. 32 ¶¶ 1–4. Part (a) of § 3-116 provides that two or more persons "who have the same liability on an instrument . . . are jointly and severally liable in the capacity in which they sign." Section (b) of 3-116 cuts to the key issue disputed by the parties, and provides in relevant part, "a party having joint and several liability that *pays the instrument* is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law." § 3-116(b) (emphasis added). Indeed, the plain and ordinary meaning of the present-tense "pays the instrument" requires some extent of actual, concurrent payment.[3] A contrary conclusion would contravene the ordinary meaning of the word "pays." Where a statutory text is "unambiguous and conveys a clear and definite meaning," a court may not engraft a different meaning onto the text. *People v. Patel*, 851 N.E.2d 747, 762 (Ill. App. Ct. 2006). Del Priore therefore cannot assert a contribution claim under the UCC because he has not alleged that he has paid a single penny toward the common debt.

Del Priore cites no case law to counter Cross-Defendants' contention—and indeed, the plain language of § 3-116(b)—that actual over-payment is required for a

---

[3] The UCC defines "payment" as something "made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument." 810 ILCS 5/3-602(a).

contribution claim. Instead, Del Priore quotes *SEG Liquidation Co., LLC v. Stevenson*, No. 07 C 3456, 2007 WL 3052980, at *3 (N.D. Ill. Oct. 18, 2007), which states, "if a coguarantor of a debt is required to pay a portion of a debt or the entire amount due, the other coguarantors become liable to contribute a proportionate amount of the money that has been paid." *See* R. 32 ¶ 5. But this quoted passage lacks context. The very next sentence states that the plaintiff had already paid the defendant $825,000 as a guarantor, prompting a duty of proportionate contribution from the defendant. *Stevenson*, 2007 WL 3052980, at *3. Del Priore fails to contend that any portion of *Stevenson*, when read in context, means that a contribution claim can be asserted before payment. Del Priore's reliance on *Harris v. Handmacher*, 542 N.E.2d 77 (Ill. App. Ct. 1989) suffers from the same defect. *See id.* at 79 (Harris had already paid $250,000 toward the common debt).

Illinois common law further supports the Court's conclusion. "[T]he right to contribution" under the common law "arises due to the compulsory payment by a joint obligor of more than his share of a common obligation." *Ruggio*, 498 N.E.2d at 750. Proportional contribution can only come when that party has "discharge[d] the debt for the benefit of all." *See Contribution*, Black's Law Dictionary (11th ed. 2019); *see also Siegel v. Fish*, 129 Ill. App. 319, 323 (Ill. App. Ct. 1906) (where "one *has discharged* a debt or obligation which others were equally bound with him to discharge . . . , the others who have received an equal benefit ought in conscience to refund to him a ratable proportion," (emphasis added) (quoting A. & E. Encyc. of L., 2nd ed., vol. 7, p. 326)).

Del Priore has not asserted that he has paid any amount, let alone "more than his just proportion of the joint indebtedness," as Illinois common law and the UCC require. *Ruggio*, 498 N.E.2d at 750; *see also* 810 ILCS 5/3-116(b). Should Del Priore pay more than his fair share of the joint debt, he may then present a viable contribution claim. At this point, however, Del Priore has failed to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, Cross-Defendants' motion to dismiss is granted.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2023